RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 21 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ANDRE WINGO

VS.

ALLAN JOHNSON, ET AL.

CIVIL ACTION NO. 3:12-cv-0014

SECTION P

JUDGE ROBERT G. JAMES

MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Pending before the Court is a "Motion to Dismiss for Failure to State a Claim Under F.R.C.P. 12(b) and Mootness" filed herein by the defendants on February 13, 2012. For the following reasons it is recommended that the Motion [doc. 6] be **GRANTED** and that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**Statement of the Case**

**1. Original Complaint [doc. 1]**

*Pro se* plaintiff Andre Wingo, proceeding *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 on January 5, 2012. Plaintiff sued Allan Johnson (who he identified as the Administrator of the West Monroe Correctional Center) and the West Monroe Correctional Center. In his complaint, plaintiff alleged the following facts:

1. On October 14, 2011 he was arrested and charged with unspecified offenses lodged in the West Monroe Municipal Court; he

was detained at the West Monroe Correctional Center pending trial.

2. On several occasions between October 17 - November 2, 2011 plaintiff requested and was denied access "... to legal statute books and other legal materials to research the law pertaining to..." the pending criminal charges.

3. Petitioner was detained at West Monroe Correctional Center from October 14 - November 2, 2011; during that time he was held in "... the holding area without access to recreation or exercise in fresh air."

He prayed for an injunction directing Johnson to allow inmates access to current and updated legal materials; and, to allow inmates access to recreation, fresh air and sunlight at least one hour/day. He also prayed for compensatory damages totaling $1,000,000 from the West Monroe Correctional Center for depriving plaintiff of his civil liberties under the Fourteenth and Eighth Amendments.

**2. Motion to Dismiss [doc. 6]**

On February 13, 2012 the defendants filed the instant Motion to Dismiss pursuant to Rule 12(b). [doc. 6] In support of the motion, defendants contend:

1. The West Monroe Correctional Center is not a jural entity capable of being sued under Section 1983.

2. To the extent that plaintiff seeks to visit Section 1983 liability upon the City of West Monroe, he has failed "...to

adequately identify an official custom or practice sufficient to state a claim against the City."

3. As a detainee awaiting trial, plaintiff had no right of access to the law library to conduct research on his pending charges if (a) he was represented by retained or appointed counsel; or (b) he was offered counsel but rejected the officer. Alternatively, plaintiff failed to demonstrate prejudice resulting from the denial of access to an adequate law library.

4. Plaintiff's claims for injunctive relief were rendered moot by virtue of his release from custody.

5. All claims against defendant Johnson individually are subject to dismissal because Johnson is entitled to qualified immunity.

**3. Plaintiff's Response to Motion to Dismiss [doc. 10]**

On February 15, 2012 plaintiff was notified that the Motion was referred to the undersigned. He was also directed any response to the defendants' motion was due within 5 days from that date. [doc. 9] On February 16, 2012 plaintiff responded [doc. 10]. He maintained,

1. The City of West Monroe was named as a defendant based on "... the policy of the City to deny inmates access to the courts by not providing a law library for access to inmates..." He further claimed that the decisions of Officer Henson and staff "... to deny Plaintiff access to legal materials ... is indicative that the City

has a policy to deny inmates access to legal materials by not providing a law library..." and, "... is indicative that the City has a policy to deny inmates ... access to fresh air, recreation, and exercise by keeping inmates locked down twenty-four hours a day..."

2. Plaintiff was denied access to the Courts "...by not being able to research the law on which [he] was being detained in ... to submit papers and motions to the court to defend himself on the charge." He claimed he needed to have access "... to current legal statute books as the law is generally amended or enacted ... [to] prevent [him] from presenting frivolous or meritless arguments to the court."

3. His claim for injunctive relief is not moot because the relief requested "... is to prevent the 'cognitive danger,' that he and other may face, now or in the future, of being denied a law library or access to fresh air to promote health."

4. Since the law concerning access to courts and outdoor recreation are clearly established, the defendant is not entitled to qualified immunity.

**Law and Analysis**

**1. Rule 12(b)**

Pursuant to Fed. Rule Civ. P. 12(b)(6), a Court presented with a motion to dismiss for failure to state a claim, must accept all well-pleaded, non-conclusory facts in the complaint as true.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Further, a complaint alleging facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. A Court presented with well-pleaded factual allegations "... should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950. The facts alleged must be viewed collectively, not scrutinized in strict isolation. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007). Courts may take public records and others matters of judicial notice into account when evaluating a motion to dismiss. Hall v. Hopkins, 305 Fed.Appx. 224, 227-28 (5th Cir.2008); Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir.1995).

**2. Defendants**

**a. West Monroe Corrections Center**

Affording the benefit of every doubt to plaintiff, the liberal construction of his pleadings indicates that he has named only three defendants - Warden Allan Johnson, the West Monroe

Correctional Center, and the City of West Monroe.

As noted by the defendants, the West Monroe Correctional Center is not a juridical entity capable of being sued. F.R.C.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the West Monroe Correctional Center has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. It does not appear that Louisiana has conferred such status upon the West Monroe Correctional Center and therefore plaintiff's claims against it must be dismissed.

**b. City of West Monroe**

In response to the Motion to Dismiss, plaintiff implied that he intended to sue the City of West Monroe. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A plaintiff must allege three elements to state a claim through a Section 1983 action. Bush v. Viterna, 795 F.2d

1203, 1209 (5th Cir.1986). He must allege: (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *Id.* "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir.1994) (*en banc*).

Municipalities and parishes are "persons" within the meaning of § 1983. Monell v. Dep't of Social Services. of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, these governmental entities are liable only for their own acts and not those attributed to them by principles of *respondeat superior*. *Id.* at 691-92, 98 S.Ct. 2018. "... Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018.

Therefore, a § 1983 plaintiff must, at a minimum allege that the municipal or parochial action was taken with the requisite degree of culpability; and he must allege a direct causal link between the municipal action and the deprivation of federal rights. Bd. of the County Comm's of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997);

Causation sufficient to state a §1983 claim requires that the

local government unit itself be the actor. Thus, the first inquiry in a municipal/parochial liability case is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff claims that the City of West Monroe is liable because of "... the policy of the City to deny inmates access to the courts by not providing a law library for access to inmates..." He argued that the decisions of Officer Henson and staff "... to deny Plaintiff access to legal materials ... is indicative that the City has a policy to deny inmates access to legal materials by not providing a law library..." and, "... is indicative that the City has a policy to deny inmates ... access to fresh air, recreation, and exercise by keeping inmates locked down twenty-four hours a day..."

Other than these conclusory allegations, plaintiff has not alleged what the City of West Monroe did or did not do to incur liability and his claims against the municipality should be dismissed for failing to state a claim for which relief may be granted.

**c. Allan Johnson**

Plaintiff alleged no fault on the part of defendant Allan Johnson. In his original complaint he alleged that Johnson, by virtue of his employment as Administrator of the jail "is authorized to enact policy and procedure of the facility." With

regard to his prayer for damages, he sought only injunctive relief with regard to defendant Johnson - orders directing him to "administer policy ... to allow inmates in custody at the West Monroe Correctional Center to have access to current and updated legal statute books and other legal materials for access to the courts..." and "administer policy ... allowing inmates to have access to recreation, fresh air and sunlight at least one hour a day." [doc. 1, ¶13-14] Plaintiff prayed for compensatory damages, but only against the City of West Monroe Correctional Center. [doc. 1, ¶15-16] As is noted below, plaintiff's claim for injunctive relief, and thus, all claims against defendant Johnson, were mooted by virtue of plaintiff's release from custody.

Further, even if plaintiff were allowed to seek compensatory damages from Johnson, his claims against this defendant must be dismissed for failing to state a claim for which relief may be granted inasmuch as plaintiff has alleged no facts to suggest that Johnson was personally responsible.

**3. Access to Courts**

Even if plaintiff were allowed to proceed with his claims against the various defendants, dismissal would be appropriate.

Plaintiff claims that deficiencies in the prison law library have inhibited his ability to defend against the criminal charges that were pending against him and thus have operated as a violation of his right of access to the courts.

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999); Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims chAllanging [the prisoners'] convictions or conditions of confinement." *Id.* (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d at 821; Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2179-81; Norton v. Dimazana, 122 F.3d at 290; and Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. In addition, in order to state a claim that a prisoner was denied his right of access to the courts, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court."

Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to chAllange the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Plaintiff has not shown that he was prejudiced in his ability to defend against the criminal charges that were pending against him.

Further, with regard to his claim that he has been denied the opportunity to defend against his pending criminal charges, he likewise fails to state a claim for which relief may be granted. In Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir.1981) the Fifth Circuit held that in the absence of extraordinary circumstances, a criminal defendant represented by counsel does not have a constitutional right to file every *pro-se* motion he wants to file in addition to his attorney's motions. In Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that an inmate

who rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the *pro-se* defense of his criminal trial."

In other words, providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. See Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on Bounds v. Smith, 430 U.S. at 830, 97 S.Ct. 1491. Plaintiff was either represented by counsel or he declined representation in order to defend the criminal prosecution in proper person. Therefore, his allegation, that he was denied access to an adequate law library to prepare his criminal defense, taken as true for the purposes of this report, fails to state a claim for which relief may be granted.

**4. Recreation**

As noted, plaintiff was detained at West Monroe Correctional Center for a period of 20 days from October 14 through November 2, 2011. He claimed that during that time he was held in "... the holding area without access to recreation or exercise in fresh air." He demanded that in the future, detainees be afforded at least one hour/day of outdoor recreation.

With regard to this claim, plaintiff has failed to allege any physical injury resulting from 20 day period of confinement. His claim for money damages is therefore barred by Title 42 U.S.C. §1997e(e) which provides, "No Federal civil action may be brought

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Further, and contrary to plaintiff's assertions, prisoners have no absolute constitutional right to outdoor recreation, so long as some form of exercise is permitted, or, the conditions of confinement, when viewed as a whole, are not violative of the Eighth Amendment. See Callicutt v. Panola County Jail, 200 F.3d 816 (5th Cir. 1999)(unpublished), citing, Jones v. Diamond, 594 F.2d 997, 1012-13 (5th Cir.1979); see also Scott v. Gusman, Civil Action No. 10-2706 (E.D.La., February 14, 2011), 2011 WL 666851 (Even if a prisoner is allowed outside for only 45 minutes, twice a week, that "... is not an atypical, significant deprivation in a prison setting, and it does not rise to the level of a constitutional violation. See Argue v. Hofmeyer, 80 Fed. App'x 427, 429 (6th Cir.2003); Hill v. Pugh, 75 Fed. App'x 715, 721 (10th Cir.2003); Figueroa v. Dinitto, 52 Fed. App'x 522, 523 (1 st Cir.2002); Smith v. Romer, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997); Smith v. Beatty, No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996). Even severe restrictions on or complete denials of outdoor recreation are not prohibited by the Constitution. *See, e.g., Chavis v. Fairman*, No. 92-C-7490, 1994 WL 55719, at *5 (N.D.Ill. Feb. 22, 1994) ('Generally, even dramatic restrictions on outdoor exercise do not violate the Eighth Amendment (or due

process, where pretrial detainees are at issue) so long as prisoners have ample opportunity to enjoy indoor activity.'), aff'd, 51 F.3d 275 (7th Cir.1995); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *9 (E.D.La. May 11, 2010); Broussard v. Phelps, Civil Action No. 86-2126, 1987 WL 18153, at *3 (E.D.La. Oct. 6, 1987) (no constitutional deprivation shown where prisoner was allowed outdoor recreation only twice in a seventeen month period in light of the fact that he was allowed to leave his cell for an hour each day and cell was large enough for indoor exercise)."

**5. Mootness**

Plaintiff seeks prospective injunctive relief with regard to his access to courts and conditions of confinement claims. However, plaintiff is no longer being detained at the West Monroe Corrections Center. The departure of a prisoner out of an allegedly offending institution - whether by virtue of his transfer to another institution or by his release from custody - generally render his claims for injunctive relief moot. Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit chAllanging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of

offending institution could not state a claim for injunctive relief); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot).

In addition to his claim for compensatory damages, plaintiff prays for prospective injunctive relief; however, since plaintiff is no longer incarcerated, and since he is no longer under the authority of the defendants, his claims for injunctive relief are moot and subject to dismissal for failing to state a claim for which relief may be granted.

## Recommendation

Therefore,

**IT IS RECOMMENDED** that the defendants' Motion to Dismiss [doc. 6] be **GRANTED** and, that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as moot and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

**Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana March 20th, 2012.

**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**